UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60765-CIV-SEITZ

EDGAR ELIE,

    Plaintiff,

vs.

PACIFIC LAND LTD., a Florida limited partnership f/k/a Pacific Land Co., a Florida general partnership, PACIFIC LAND MANAGEMENT COMPANY, a Florida general partnership, PACIFIC TOMATO GROWERS, LTD., a Florida limited liability company, PTG MANAGEMENT COMPANY, a Florida corporation, COLLIER LAND HOLDINGS, LTD., a Florida limited partnership, COLLIER ENTERPRISES, INC., COLLIER ENTERPRISES MANAGEMENT, INC., PACIFIC TOMATO GROWERS, a Florida general partnership d/b/a Pacific Land Co., ENGLISH BROTHERS, a Florida general partnership d/b/a Pacific Land Co., SOUTH FLORIDA WATER MANAGEMENT DISTRICT, a division of the State of Florida; UNITED STATES OF AMERICA, Department of Agriculture; UNITED STATES OF AMERICA, Department of Interior, UNITED STATES OF AMERICA ENVIRONMENTAL PROTECTION AGENCY; UNITED STATES OF AMERICA ARMY CORPS OF ENGINEERS,

    Defendants.
_____/

**COLLIER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Collier Land Holdings Ltd., Collier Enterprises, Inc., and Collier Enterprises Management, Inc. (collectively, the "Collier Defendants"), by and through undersigned counsel and pursuant to Rules 12(b)(1), (b)(3), (b)(6) and (f) Fed. R. Civ. P., respectfully move for entry of an order dismissing the Complaint (D.E. 1) filed by Plaintiff, Edgar Elie.

## INTRODUCTION

This is Plaintiff's second attempt to assert claims against the Collier Defendants, several state and federal agencies, and others under the Clean Water Act (the "CWA" or "Act") and state law. This Court previously dismissed Plaintiff's CWA claim – which alleges that over twenty-five years ago some or all of the Defendants erected a pump to discharge water onto Plaintiff's land – for failure to satisfy the Act's pre-suit notice requirements. The Court then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Because the current Complaint suffers from many of the same defects as Plaintiff's original complaint, it should again be dismissed. To begin with, in addition to missing essential elements, Plaintiff's claims all fail because Plaintiff collectively defines many unrelated defendants as the "Produce Growers Defendants," making it impossible to determine which defendant is alleged to have taken which, if any, improper acts. Plaintiff also ignored this Court's prior admonition regarding proper venue for his suit, which concerns property located in Collier County – in the Middle District of Florida. Moreover, Plaintiff has still failed to adequately provide pre-suit notice as required by the CWA.

For all these reasons, and those discussed below, Plaintiff's Complaint should be dismissed in its entirety.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he owns approximately twelve and one-half acres of land adjacent to and south of a parcel owned by the "Produce Growers Defendants" in Collier County, Florida. (D.E. 1 ¶¶ 23-27.) Plaintiff further alleges that the "Produce Growers Defendants" own and operate tomato farms and that, in or around 1985, in violation of a permit issued by Defendant South Florida Water Management District ("SFWMD"), the "Produce Growers Defendants"

erected a pump and began discharging water onto his land. (Id. ¶¶ 28-29.) Plaintiff alleges that this water eventually drains into a waterway known as the Fakahatchee Strand. (Id. ¶ 37.) Finally, Plaintiff alleges that the "Produce Growers Defendants" have erected a fence on his land and blocked access to his property. (Id. 1 ¶¶ 31-34.)

## ARGUMENT

### I. The Complaint Should Be Dismissed Because Plaintiff Improperly Defined Multiple Defendants as the "Produce Growers Defendants."

In the Complaint, Plaintiff defines the "Produce Growers Defendants" as:

> The Produce Growers Defendants: Pacific Land, Ltd., Pacific Land Management Company, Pacific Tomato Growers, Ltd., PTG Management Company, Collier Land Holdings, Ltd., Collier Enterprises, Inc., Collier Enterprises Management, Inc., Pacific Tomato Growers d/b/a Pacific Land Co., and the English Brothers d/b/a Pacific Land Co. are collectively referred to throughout this pleading as the ("PRODUCE GROWERS DEFENDANTS").
> (D.E. 1 ¶ 19.)

Plaintiff then attempts to assert seven counts based on allegations that the "Produce Growers Defendants" erected a pump for the discharge of water, built a fence, and removed Plaintiff from his property. (Id. ¶¶ 28-29, 31-32, 34.) But the Complaint never clarifies which of these multiple, unrelated defendants is alleged to have committed which, if any, of the acts. (Id.) Notably, there is no specific allegation – nor could there be – that the Collier Defendants took any of the foregoing actions.

Recognizing the problems created by Plaintiff's inartful pleading method, federal courts in Florida have held that "[u]sing a defined term to refer to [multiple] Defendants renders the Complaint ineffective in stating a claim against [any of the] Defendants since it is impossible to determine which acts [any] of them are alleged to have committed." *Flagship Healthcare, Inc. v. Greenleaf Ventures, Inc.*, 269 B.R. 721, 731 (Bankr. S.D. Fla. 2001); *see also In re North Mandalay Inv. Grp., Inc.*, 342 B.R. 846, 847 (Bankr. M.D. Fla. 2005) (dismissing complaint

because it was "impossible to tell . . . which of the [d]efendants committed which act that form[ed] the bases for the claims asserted"). Thus, because Plaintiff's entire complaint is infected by this improper pleading method, it must be dismissed. *Id.*

## II. The Complaint Should Be Dismissed for Improper Venue.

When dismissing the original complaint, this Court cautioned Plaintiff that to the extent he refiled the action, "he would be well-served in giving consideration to Defendants' arguments that the United States District Court for the Middle District of Florida is the proper venue for this action." (Elie I D.E. 35 at 4 n. 3.) Plaintiff did not heed the Court's advice.

Plaintiff's Complaint again shows on its face that the property at issue, as well as the alleged discharge source, are located in Collier County, which sits in the Middle District of Florida. (D.E. 1 ¶¶ 23-29, 37.) Given this, the CWA and Florida law both state that the Middle District is the only proper venue for Plaintiff's action. *See* 33 U.S.C. § 1365(c) (a claim arising out of "a violation by a discharge source of an effluent standard or limitation . . . may be brought only in the judicial district in which such source is located") (emphasis added); *Publix Super Markets, Inc. v. Cheesbro Roofing, Inc.*, 502 So. 2d 484, 486-87 (Fla. 5th DCA 1987) (ejectment is an *in rem* action that must be brought in the county where the land lies), *superseded by statute on other grounds*, Fla. Stat. § 34.01(4) (1990); *Dept. of Natural Res. v. Antioch Univ.*, 533 So. 2d 869, 873 (Fla. 1st DCA 1988) (remanding claim for ejectment "to the circuit court having territorial jurisdiction of the property"); *see also* 32A Am. Jur. 2d *Federal Courts* § 1155 (2011) ("An action for ejectment is local and a federal court is powerless to enter a judgment that could affect possession of land in another district."). Accordingly, because Plaintiff again filed his action in the wrong venue, it must be dismissed.

## III. Count I Should be Dismissed Because Plaintiff Failed to Give Adequate Notice.

This Court already dismissed Count I because Plaintiff failed to provide timely notice of

his intent to sue under the CWA.[1] The Court held that "[i]f a plaintiff fails to comply with [the CWA's] notice requirement . . . the district court is <u>required to dismiss the action</u>." *See* Order Granting Motions to Dismiss at 2-3, *Elie v. Pacific Land Ltd.*, No. 10-61962-CIV-SEITZ/WHITE (S.D. Fla. Feb. 10, 2011), ECF No. 35 [hereinafter "Elie I"] (emphasis added) (citing *Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096, 1097-98 (11th Cir. 1991)).

The CWA's notice requirement is "designed to give the alleged violator an opportunity to bring itself into compliance…and to effectuate Congress' preference that the Act be enforced by governmental prosecution." (Elie I D.E. 35 at 3.) The notice must "provide enough information to enable both the alleged violator and the appropriate agencies to identify the pertinent aspects of the . . . violations without undertaking an extensive investigation of their own." *Atwell v. KW Plastics Recycling Div.*, 173 F. Supp. 2d 1213, 1222 (M.D. Ala. 2001). Thus, the notice must identify "the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation . . . [and] the date or dates of such violation . . . ." *See* 40 C.F.R. § 135.3.

Plaintiff's notices do not satisfy the foregoing requirements. The notices state summarily that the unlawful activity is "the unpermitted pumping of water from a drainage system" and that such activity generally violates the CWA and a permit issued by SFWMD. (D.E. 1 Ex. A.) The notices conspicuously fail to identify (1) the pollutant allegedly discharged (water itself is not a pollutant); (2) the specific CWA standard, limitation or order allegedly violated;[2] (3) the specific person(s) allegedly engaged in the unlawful activity;[3] or (4) the specific dates when violations

---

[1] The CWA states that no action may be commenced "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the [EPA] Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order" sued upon." *See* 33 U.S.C. § 1365(b) (2011).

[2] In Florida, CWA permits are issued by the Department of Environmental Protection, not the SFWMD. *See* Fla. Stat. § 403.0885 (2011). Thus, Plaintiff cannot state a CWA claim by alleging a violation of the SFWMD permit.

[3] This failure is particularly egregious in the notices to the government Defendants, which confusingly state that

allegedly occurred. Each of these failures is alone sufficient for dismissing Count I. *See, e.g., Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of N.Y.*, 273 F.3d 481, 488 (2d Cir. 2001) (dismissing because notice "must identify with reasonable specificity each pollutant that the defendant is alleged to have discharged unlawfully"); *Duggan Family P'ship, LLP v. City of Jeffersonville*, No. 5:08-CV-313(HL), 2009 WL 1560045, at *2-3 (M.D. Ga. Jun. 1, 2009) (dismissing where notice did not specify the specific standard or limitation that was allegedly violated); *Cal. Sportfishing Prot. Alliance v. City of West Sacramento*, 905 F. Supp. 792, 799-800 (E.D. Cal. 1995) (dismissing because notice did not specify adequate timeframe by stating "[f]or the previous five years on hundreds of occasions you have violated your NPDES permit").

Plaintiff's notices also were not properly served. The notices provided to the Collier Defendants do not show, nor does the Complaint allege, that copies were served on the Administrator of the EPA, the regional administrator of the EPA, and the chief administrative officer of the water pollution control agency for the state of Florida – all of which is required by the Act. (D.E. 1 Ex. A.); *see also* 33 U.S.C. § 1365(b)(1)(A)(i) (2011); 40 C.F.R. § 135.2 (a)(1). In addition, the notice Plaintiff did provide to the EPA was not served on the appropriate personnel, and did not pertain to the violations allegedly committed by the Collier Defendants. *Id.* Instead, the notice was addressed to the U.S. Attorney, and notified the EPA of violations allegedly perpetrated by the agency itself. *Id.*

In sum, Plaintiff's notices do not contain the information required by the CWA, do not provide enough information to allow any agency to identify an alleged CWA violation, and were not sent to the proper parties. As a result, Count I must be dismissed.

### IV. Counts II and III Should Be Dismissed for Lack of Subject Matter Jurisdiction.

Counts II and III seek a declaration, pursuant to 28 U.S.C. § 2201 (the "Declaratory

---

water comes from a system "owned, operated, managed, or controlled by you." (D.E. 1 Ex. A) (emphasis added).

Judgment Act"), that the SFWMD permit is void and has been violated by the Produce Growers Defendants. This Court, however, lacks subject matter jurisdiction over such claims.

It is well established that the Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). Thus, for the Court to grant relief under the Declaratory Judgment Act, it must possess an independent basis for exercising federal subject matter jurisdiction.

Neither Count II nor Count III alleges an independent basis for federal jurisdiction. Both counts are based on alleged violations of a state permit issued by a state agency pursuant to its authority under state law. In fact, Plaintiff completely fails to allege any law, state or federal, that would give him a private right of action to enforce such a permit. As such, Counts II and III should be dismissed because the Court lacks subject matter jurisdiction. *See Borden*, 881 F.2d at 1038 (court lacked subject matter jurisdiction where no basis for federal jurisdiction apart from Declaratory Judgment Act was present); *see also Kaye v. Personal Injury Funding III, LP*, 733 F. Supp. 2d 1345, 1347 (S.D. Fla. 2010) (same).

## V.     The Court Should Decline to Exercise Supplemental Jurisdiction.

After dismissing Plaintiff's original CWA claim, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims "[b]ecause the remaining claims are in the early stages of litigation and the Court has not expended resources in adjudicating the[m]." (Elie I D.E. 35 at 4.) These circumstances have not changed as Plaintiff has yet to move beyond the motion to dismiss stage. Accordingly, after dismissing Plaintiff's federal claims, the Court should again decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (2011); *Duggan*, 2009 WL 1560045, at *3 (dismissing CWA claims due

to improper notice and declining to exercise supplemental jurisdiction over state claims); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims where, as here, the federal claims have been dismissed prior to trial.") (internal citations omitted).

## VI. Count IV Should Be Dismissed Because It Is Time-Barred.

Count IV alleges that over twenty-five years ago the collectively defined "Produce Growers Defendants" erected a pump that caused the discharge of water onto Plaintiff's property and placed an unpermitted fence on Plaintiff's property. (D.E. 1 ¶¶ 28, 47.) This count fails because it is clearly barred by the four year statute of limitations applicable to claims for trespass. *See* Fla. Stat. § 95.11(3)(g) (2011).

Florida courts hold that whether a trespass to real property is completed or continuing determines when the statute of limitations begins to run. *See Suarez v. City of Tampa*, 987 So. 2d 681, 685 (Fla. 2d DCA 2008). A continuing tort is "established by continual tortious *acts*, not by continual harmful effects from an original, completed act." *Id.* at 686 (emphasis in original).

Plaintiff's trespass claim rests on two *completed* acts, namely the building of the pump and the fence in 1985 and 1987, respectively. (D.E. 1 ¶ 28; Elie I D.E. 1 ¶ 26.)[4] The Complaint does not allege that either of these acts is a "continual tortious act[]." At most, Plaintiff alleges that he continues to suffer damages from the discharge of water to his property. But "[w]hen a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff ... does not present successive causes of action ...." *Suarez*, 987 So. 2d at 686 (internal citations omitted). As a result, Count IV is time-barred.

---

[4] In his original complaint, Plaintiff specifically alleged that the fence was constructed in 1987. (Elie I D.E. 1 ¶ 26.) Recognizing the obvious statute of limitations problem, Plaintiff deleted this allegation from the current Complaint. The Court should not look with favor on this transparent attempt to avoid a bar to Plaintiff's claim.

### VII. Count V Should be Dismissed or Stricken Because Encroachment is Not a Recognized Cause of Action and Because the Count is Duplicative.

In Count V, Plaintiff purports to state a claim for encroachment based on the Produce Growers Defendants' alleged construction of the fence and discharge of water onto his property. (D.E. 1 ¶ 53.) Encroachment, however, is not a recognized cause of action in Florida. Rather, the proper method for resolving a boundary dispute is an action for ejectment or trespass. *See Overstreet v. Lamb*, 128 So. 2d 897, 900 (Fla. 1st DCA 1961) (dispute over a boundary line is traditionally resolved by a suit for ejectment); *see also City of Jacksonville v. Horn*, 496 So. 2d 204, 209 (Fla. 1st DCA 1986) (property owner has an action for trespass or ejectment to stop a use or possession of his property that is inconsistent with ownership) (citing *Downing v. Bird*, 100 So. 2d 57, 64 (Fla. 1958)).

Count V is also redundant. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); *see also Brewer v. Stop Stick, Ltd.*, 2005 WL 2562594, at *3 (M.D. Fla. Oct. 11, 2005) (striking duplicative count under Rule 12(f)). Indeed, Plaintiff already admitted that his encroachment claim "is subsumed by his counts for trespass and ejectment[.]" (Elie I D.E. 17 at 6-7.) Accordingly, Count V should be dismissed for failing to state a cause of action or stricken as redundant.

### VIII. Count VI Should Be Dismissed Because Plaintiff Fails to Allege that He Conferred A Benefit on the Collier Defendants that They Knowingly and Voluntarily Accepted.

In Count VI, Plaintiff attempts to state an unjust enrichment claim by alleging that the "[Produce Growers Defendants] have benefitted by misusing EDGAR'S parcels and have profited from the same." (D.E. 1 ¶ 56.) Such an allegation is plainly insufficient.

Nowhere in Count VI does Plaintiff allege any facts to show that he conferred a benefit directly on the Collier Defendants – as opposed to any other Defendant – or that any of the

Collier Defendants knowingly accepted and retained such benefit. *See N.G.L. Travel Assoc. v. Celeb. Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. 3d DCA 2000) (affirming dismissal where plaintiff failed to show a benefit conferred on defendant); *Peoples Nat'l Bank of Comm. v. First Union Nat'l Bank of Fla.*, 667 So. 2d 876, 879 (Fla. 3rd DCA 1996) (affirming dismissal for failure to allege ultimate facts showing plaintiff conferred a benefit on defendants). In fact, Plaintiff does not allege that he has ever had a relationship with the Collier Defendants, or that he ever permitted them to pump water onto his property. *See Extraordinary Title Serv., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (affirming dismissal where plaintiff had no relationship with defendant and did not allege it conferred a direct benefit on defendant). Thus, Plaintiff fails to state a claim for unjust enrichment, and Count VI should be dismissed.

## IX.     Count VII Should be Dismissed Because Plaintiff Failed to Properly Set Forth the Chain of Title to the Property in Dispute.

Plaintiff alleges that the Produce Growers Defendants wrongfully ejected him from his property by erecting a fence and threatening him with arrest for trespass. (D.E. 1 ¶¶ 61-62.) To state a claim for ejectment, Plaintiff must specifically set forth the chain of title to the property in dispute back to a common source or a grantor with possession and a right to convey title. *See* Fla. Stat. § 66.021(4) (2011) (specifying requirement to show chain of title); *see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) (ejectment complaint was "materially deficient because it did not specifically deraign [the plaintiff's] title dating from the common source of its and [defendant's] property interests."); *see also Blitch v. Sapp*, 194 So. 328, 329-30 (Fla. 1940) (plaintiff must deraign title from "an original source or from one having possession and a right to convey the title.") (internal citations omitted).

In this case, Plaintiff merely attaches a series of deeds tracing back to a warranty deed issued in 1965 from Mary Cross, as trustee, to J. Alan Cross, Jr., as trustee. (D.E. 1 Ex. B.) But

Plaintiff does not allege, nor do the attached deeds show, that any of the grantors were common or original sources of title, or that any of the grantors retained the rights of possession and the rights to convey title. Accordingly, Count VI should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants Collier Land Holdings, Ltd., Collier Enterprises Management, Inc. and Collier Enterprises, Inc. respectfully request that this Court enter an Order dismissing with prejudice the Complaint in its entirety.

Respectfully submitted,

WHITE & CASE LLP
Attorneys for Defendants, Collier Land Holdings Ltd., Collier Enterprises, Inc. and Collier Enterprises Management, Inc.
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By: /s Douglas M. Halsey
    Douglas M. Halsey
    Florida Bar No. 286249
    dhalsey@whitecase.com

    Jason R. Domark
    Florida Bar No. 880191
    jdomark@whitecase.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 1st day of June, 2011 upon the following:

**Benjamin Lawrence Bedard**
Roberts Reynolds Bedard & Tuzzio
470 Columbia Drive
Building C-101
West Palm Beach, FL 33409-0709
Telephone: 561-688-6560
Facsimile: 561-688-2343
bbedard@rrbpa.com

*Counsel for Defendants, PTG Management Company, Pacific Land Ltd., Pacific Land Management Company and Pacific Tomato Growers, Ltd.*

**Eric Daniel Molina**
Pavese Law Firm
P.O. Drawer 1507
Fort Myers, FL 33902-1507
Telephone: 863-675-5800
Facsimile: 863-675-4998
ericmolina@paveselaw.com

*Counsel for Defendant, English Brothers*

**James Alan Weinkle**
United States Attorney's Office
99 N.E. 4th Street
Suite 300
Miami, FL 33132
Telephone: 305-961-9290
Facsimile: 305-530-7139
James.Weinkle@usdoj.gov

*Counsel for Defendants, United States of America Corp. of Engineers, United States of America Environmental Protection Agency, United States of America, Department of Agriculture and United States of America, Department of Interior*

**Keith Thomas Grumer**
**Maidenly Macaluso**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
Telephone: 954-713-2700
Facsimile: 954-713-2713
kgrumer@grumerlaw.com
mmacaluso@grumerlaw.com

*Counsel for Plaintiff, Edgar Elie*

**Christopher Liam Pettit**
South Florida Water Management District
3301 Gun Club Road
P0 Box 24680
West Palm Beach, FL 33416-4680
cpettit@sfwmd.gov

*Counsel for Defendant, South Florida Water Management District*

By: /s Douglas M. Halsey
Douglas M. Halsey